UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRYLL DUANE TAYLOR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-118 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Lynaugh Unit in Fort Stockton, Texas.  The actions about which he complains occurred in Nueces County, Texas.  Proceeding *pro se* and *in forma pauperis*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on April 10, 2014 (D.E. 1).[1]  The underlying convictions which are the subject of the petition are three 2009 convictions for robbery and attempted robbery.  Petitioner claims that his constitutional rights were violated during the prosecution of the charges and that he is actually innocent of the crimes.

Respondent filed a motion for summary judgment on June 24, 2014 to which Petitioner responded on July 14, 2014 (D.E. 17, 18).  For the reasons set forth below, it is

---

[1] Petitioner first attempted to file his federal habeas action by placing it in the prison mail system on January 27, 2014, but mistakenly sent it to the Thirteenth Court of Appeals (D.E. 1 at 10; D.E. 1-1 at 1).  Generally, the date on which an inmate places a habeas filing in the prison mail system is considered the filing date of the document.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.  No analysis is made of the effect of Petitioner mistakenly sending his petition to the state appellate court, because whether the habeas petition was filed on January 27, 2014 or April 10, 2014 is not relevant to the outcome of the case.

recommended that Respondent's Motion for Summary Judgment be granted and Petitioner's Application for Habeas Corpus Relief be denied.  It is further recommended that any request for a Certificate of Appealability be denied.

## **BACKGROUND**

On April 3, 2009, in Cause No. 08-CR-2180-A, Petitioner was convicted on one count of robbery, enhanced by a prior felony, for an incident which occurred on April 7, 2008.  *Ex Parte Taylor*, WR-77,398-02, Event Date 07/01/2013 at 140-141 (D.E. 14-21 at 50-51).  Petitioner was tried before the 28th District Court of Nueces County and sentenced to eight years confinement in TCJC-CID.  *Ex Parte Taylor*, WR-77,398-02, Event Date 07/01/2013 at  144-145 (D.E. 14-21 at 54-55).

On April 2, 2009, in Cause No. 08-CR-2126-A, Petitioner was convicted of two counts of attempted robbery for incidents which occurred on June 13, 2008.  Petitioner was sentenced to two five-year sentences, which were to run concurrently with the eight-year sentence in Cause No. 08-CR-2180-A.  *Ex Parte Taylor,* WR-77,398-03, Event Date: 07/03/2013 at 122-123 (D.E. 14-23 at 136-137).

Petitioner did not directly appeal any of the convictions.  He filed an application for habeas corpus relief in state court on May 31, 2013, challenging the robbery conviction.  *Ex Parte Taylor*, WR-77,398-02, Event Date: 07/01/2013 at 2-124 (D.E. 14-20 at 2-90 and 14-21 at 1-27).  The Texas Court of Criminal Appeals denied the application without written order on September 18, 2013.  *Ex Parte Taylor*, WR-77,398-02, Event Date 07/01/2013 at "Action Taken" page (D.E. 14-20 at 2).

Petitioner filed a second application for habeas relief in state court, also on May 31, 2013, challenging the two convictions for attempted robbery.  *Ex Parte Taylor*, WR-77,398-03, Event Date: 07/03/2013 at 2-122 (D.E. 14-23 at 6-127).  Petitioner's habeas challenge to the two attempted robbery convictions was dismissed on September 18, 2013 because the sentences had been discharged.  *Id.* at Action Taken page (D.E.14-23 at 2).

Petitioner filed this habeas petition on April 10, 2014 and makes the following allegations:

(1) He is actually innocent;

(2) The prosecutor excluded exculpatory evidence;

(3) Witnesses lied;

(4) The prosecutor misrepresented the terms of a witness's plea agreement;

(5) Police changed witness statements so that they would have probable cause;

(6) Petitioner was arrested without probable cause;

(7) Police coerced Petitioner's wife into making a false statement incriminating Petitioner;

(8) He received ineffective assistance of counsel when his attorney

     (a) presented no defense whatsoever;
     (b) refused to pursue an affirmative defense suggested by Petitioner;
     (c) failed to act on defects in the evidence and fabricated witness statements;
     (d) failed to file a motion to quash identification as being impermissibly suggestive;
     (e) failed to conduct an adequate investigation;
     (f) failed to make necessary objections;
     (g) failed to file necessary pre-trial motions and

(h) attempted to coerce Petitioner into taking a plea bargain even though he was innocent of the crime; and

(10) The trial court abused its discretion when it failed to follow the law and properly assess the evidence.

Respondent, in his motion for summary judgment, asserts that the Court does not have jurisdiction over any habeas claim arising from Petitioner's conviction on the two attempted robbery charges because Petitioner has served those sentences and is no longer in custody on them.  Respondent further argues that Petitioner's claims are barred by the applicable statute of limitations.  Respondent concedes that the habeas application is not subject to the successive petition bar, but reserves the right to assert the defense of failure to exhaust state court remedies should the Court not find the habeas application time-barred.

In his response to the motion for summary judgment, Petitioner argues that he should be excused from the limitations bar because he is actually innocent of the crime of robbery.  Petitioner also argues that the Court has jurisdiction over all of his claims.

## APPLICABLE LAW

### A.  Jurisdiction

A federal court may not entertain a petition for writ of habeas corpus filed by a state prisoner unless he is *in custody* in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a)(emphasis added).  If a petitioner's sentence has completely expired at the time he files an action for habeas relief, he is not "in custody" under that conviction for purposes of the statute.  *Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989)(citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).  Prior to filing this

habeas action, Petitioner had served the terms of imprisonment assessed on two of his convictions.  This Court does not have jurisdiction over habeas claims related to those convictions.

However, Petitioner is still serving a sentence for the robbery conviction and the Court has jurisdiction over that claim pursuant to 28 U.S.C. § 1331 because he was convicted in Nueces County, Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

**B.  Statute of Limitations**

Respondent argues that petitioner's application for habeas corpus was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on May 4, 2009, thirty days after he was convicted of robbery.  Tex. R. App. Proc. 26.2(a).  He had one year from that date, or until May 4, 2010, to file his federal petition.  He did not file it until April 10, 2014, more than four years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  See also *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).  However, Petitioner did not file his state habeas application until May 31, 2013, after the limitations period had expired.  Thus, it did not toll the statute of limitations.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor can Petitioner show that he is entitled to equitable tolling of the statute of limitations.  "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)).  The AEDPA one-year limitations period is not jurisdictional

and is subject to equitable tolling at the discretion of the district court. *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling. *Coleman*, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted). A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner has failed to make a showing that he was pursuing his rights diligently or that some extraordinary circumstance prevented his timely filing of the petition. Accordingly, he is not entitled to equitable tolling of the statute of limitations.

### B. Actual Innocence

Petitioner further argues that he is actually innocent of the charges and thus should be excused from the limitations bar. In *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court held that the AEDPA statute of limitations can be overcome by a showing of actual innocence. *Id.* at 1928. The Court cautioned that tenable actual-innocence gateway claims are rare. "'[A] petitioner does not meet the threshold requirement unless

he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In support of his actual innocence claim, Petitioner refers the Court to evidence he submitted to the state habeas court along with two exhibits he attached to the memorandum he submitted herein. The evidence is copies of police reports and other documents related to the investigation of the incident as well as handwritten notes, presumably prepared by Petitioner. *Ex Parte Taylor*, WR-77,398-02 at 81-124 (D.E. 14-20 through 14-21 at 34). The notes are not evidence and the none of the documents are new, as they all date back to the time of the robbery investigations.

Petitioner has failed to make a showing of actual innocence sufficient to overcome the limitations bar. Accordingly, his habeas corpus cause of action should be dismissed as untimely.

## C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right

on the issues before that court.  Further briefing and argument on the very issues the court

has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general

assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner

must show that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct.

1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that

jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further."  *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on

procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling."  *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484

(emphasis added).

In Petitioner's case, it is recommended that his claims be denied on procedural

grounds.  Reasonable jurists would not find that Petitioner has stated a valid claim of

denial of a constitutional right, or that the assessment of limitations in this case is

debatable.  If the district court orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 17) be granted and Petitioner's application for habeas corpus relief be dismissed with prejudice as barred by the statute of limitations.  It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 21st day of July, 2014.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).