UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRYLL DUANE TAYLOR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-118 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER DENYING SECOND MOTION FOR GRAND JURY AND TRIAL TRANSCRIPT

Pending is Petitioner's second motion for trial and grand jury transcripts and minutes (D.E. 29). Petitioner's first motion was denied because he failed to explain why the trial and/or grand jury transcripts would support his claim of actual innocence (D.E. 27).

Petitioner now states that the transcripts contain evidence of Petitioner's actual innocence (D.E. 29). He states that the Prosecutor lied in open court that the co-defendant was not required to testify against Petitioner. This is not evidence of Petitioner's innocence nor is it evidence that Petitioner did not commit the crime of which he was convicted. Petitioner states that the identification of Petitioner was impermissibly suggestive, but again assuming this to be true, it is not evidence that Petitioner is innocent. Petitioner has also not demonstrated how any irregularities in the grand jury process, assuming that there were any, will demonstrate his innocence. Finally, Petitioner's claim that the jail booking documents showing he was arrested twice for same offense is proof that he is innocent, is simply nonsensical.

Petitioner missed the one-year filing deadline for his habeas petition. He can overcome that bar with proof of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). The standard will rarely be met: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*(citing *Schlup v. Delo,* 513 U.S. 298, 329 (1995)). In *McQuiggin*, Petitioner Perkins presented three affidavits that someone else committed the murder that Perkins had been convicted of. Here Petitioner has presented no similar evidence. It is not obvious that no reasonable juror would have convicted him.

Petitioner has also failed to demonstrate how the transcripts he seeks would prove he was innocent. *See Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982) (noting that the State is not "required to furnish complete transcripts so that the [plaintiff] may conduct 'fishing expeditions' to seek out possible errors at trial). Petitioner is not entitled to free transcripts. The motion (D.E. 29) is denied.

ORDERED this 16th day of October, 2014.

                                                                             B. JANICE ELLINGTON
                                                                             UNITED STATES MAGISTRATE JUDGE