UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRYLL DUANE TAYLOR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-118 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent's Motion to Dismiss (D.E. 17).[1] On July 21, 2014, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") recommending that Respondent's motion be granted and the habeas corpus petition be denied. D.E. 19. This Court received Petitioner's objections on August 11, 2014, and they are deemed timely filed. D.E. 23. Petitioner's objections are set out and discussed below.

First, Petitioner objects to the Magistrate Judge's conclusion that he was not entitled to equitable tolling of the statute of limitations set by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). D.E. 19, p. 6-7. Petitioner insists that he pursued his rights diligently because he filed a motion for a trial transcript on February 19, 2012 and a subsequent a writ of mandamus. D.E. 19, p. 6. However, these filings were well after the expiration of the federal deadline. These alleged facts do not entitle Petitioner to equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("Equitable

---
[1] The Magistrate Judge's Memorandum and Recommendation refers to a motion for summary judgment. However, the motion before the Court is a motion to dismiss.

tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.") (citation and internal quotation marks omitted). This Court finds no error in the Magistrate Judge's conclusion so Petitioner's first objection is **OVERRULED**.

Second, Petitioner objects to the Magistrate Judge's conclusion that he failed to show actual innocence. D.E. 23, p. 5. The Supreme Court in *McQuiggin v. Perkins* held that a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. 1924, 1928 (2013) (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). As the Magistrate Judge stated, Petitioner failed to offer new evidence of his innocence. D.E. 17, p. 11. *See Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (evidence was not new "given that it was always within the reach of [petitioner's] personal knowledge or reasonable investigation"). In fact, Petitioner does not argue that any of the documents he offers constitute new evidence and even admits that his notes on the documents were not intended as evidence. D.E. 23, p. 5. Because Petitioner has not presented new evidence to support a claim of actual innocence, the Court will not address Petitioner's argument concerning delays in presenting such evidence. Consequently, Petitioner's second objection is **OVERRULED**.

Third, Petitioner objects to the M&R's conclusion that this Court does not have jurisdiction over his two convictions for attempted robbery because Petitioner has served the sentences on those convictions. D.E. 23, p. 1. Citing *Young v. Vaughn*, 83 F.3d 72

(3d Cir. 1996), Petitioner argues that the Magistrate Judge should allow him to "challenge a conviction whose sentence was expired if he is currently incarcerated as a result of that conviction, or if it was used to enhance a sentence presently being served." D.E. 23, p. 1. *Young*, however, is inapplicable here because Petitioner's robbery conviction—for which he is currently serving an eight-year prison term—was enhanced by a prior 1987 felony conviction and not by the convictions for attempted robbery. D.E. 14-21, p. 50-51.

In addition, Petitioner argues that the two convictions for attempted robbery have a collateral consequence on his current sentence because "all three cases were tried together [and] the false evidence from the two attempted robberys [sic] were used to convict petitioner [of] the greater sentence [of] robbery." D.E. 23, p. 1. Petitioner does not cite—nor is this Court aware of—any relevant authority to support his argument. Although the Fifth Circuit has recognized that a "positive and demonstrable nexus" between the petitioner's current custody and a previous conviction may establish the jurisdictional requirements of § 2254(a), that holding was reached in the context of the prior conviction enhancing the punishment resulting in the current custody. *Willis v. Collins*, 989 F.2d 187, 189 (5th Cir. 1993).

Petitioner also cites *Carafas v. Lavalle*, 391 U.S. 234 (1968), in arguing that the convictions have a collateral consequence because they will render him unable to vote, engage in certain businesses, hold public office, or serve as a juror. D.E. 23, p. 2-4. Since *Carafas*, the Supreme Court has taken a cautious approach to the presumption of collateral consequences and requires petitioners to affirmatively allege and demonstrate

such consequences. *See Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 10 (1998)). Petitioner makes no attempt to demonstrate that his conviction will subject him to collateral consequences. Moreover, Petitioner failed to demonstrate that he is not already subject to the same collateral consequences flowing from his prior 1987 felony conviction. *See Gray v. Warden Avoyelles Corr. Ctr.*, 2009 WL 3735729, at *3 (W.D. La. Nov. 6, 2009); *Perez v. Greiner*, 296 F.3d 123, 126 (2d Cir. 2002) ("Because [petitioner] is permanently barred from this country on a wholly separate ground, the currently challenged robbery conviction can have no meaningful effect on his admissibility and hence cannot serve as a possible collateral consequence."). As a result, Petitioner's third objection regarding this Court's jurisdiction is **OVERRULED**.

Because of the Court's ruling on the limitations issue, the Court will not address Petitioner's arguments regarding ineffective assistance of trial counsel and the trial court's abuse of discretion. To the extent these arguments are objections, they are **OVERRULED**.

Finally, Petitioner objects to the Magistrate Judge's recommendation to deny a Certificate of Appealability (COA). When claims are dismissed on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate that the petition here should be dismissed because it is not entitled to equitable

tolling and did not establish actual innocence to overcome AEDPA's statute of limitations. Accordingly, this objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Petitioner's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's M&R (D.E. 19) to which objections were specifically directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion to Dismiss is **GRANTED** and this action is **DISMISSED.** Petitioner's request for a Certificate of Appealability is **DENIED.**

ORDERED this 15th day of December, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE